IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AUDEL MORENO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-215 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

On September 14, 2011, petitioner, AUDEL MORENO, a state prisoner, filed with this Court, through his retained attorney, a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner's pleadings indicate petitioner is incarcerated pursuant to a 2007 conviction for possession of a controlled substance with intent to deliver and resultant fifty-five-year sentence. The conviction petitioner challenges was out of the 100th District Court of Carson County, Texas. For the reasons detailed below, the undersigned recommends the petition be DISMISSED as time barred.

I.
PROCEDURAL BACKGROUND

Petitioner pled guilty in state court to possession of a controlled substance with intent to

deliver. Judgment in that case issued on October 3, 2007. Petitioner appealed the case. On May 14, 2009, the intermediate state appellate court affirmed the judgment. *Moreno v. State*, No. 07-07-0477-CR, 2009 WL 1361594 (Tex. App.—Amarillo May 14, 2009). Petitioner did not file a petition for discretionary review. On May 7, 2010, petitioner filed a state application for habeas corpus relief. His application was denied without written order on the trial court's findings without a hearing by the Court of Criminal Appeals on September 15, 2010. *Ex Parte Moreno*, WR-72,802-02.[1]

The next action petitioner took was in this Court, by filing the instant habeas corpus petition. Petitioner initiated these federal habeas corpus proceedings on September 14, 2011.

## II.
## PETITIONER'S ALLEGATIONS

In his petition, petitioner appears to contend the State of Texas is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner received ineffective assistance of counsel because his trial attorney failed to inform petitioner of a plea bargain offer.

2. Petitioner received ineffective assistance of counsel during his trial because his attorney did not prepare for trial or for the punishment hearing.

3. Petitioner's due process rights were violated because the judge who presided over his criminal trial was under investigation at the time of the trial and was indicted after the trial's conclusion.

---

[1] The online case database maintained by the Texas Court of Criminal Appeals indicates petitioner filed his first state habeas corpus application in September 2009. *Ex Parte Moreno*, WR-72,802-01. That application was dismissed because the direct appeal was also pending at that time.

### III.
### THE PETITION IS NOT TIMELY FILED

#### A. Time Limitations

Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The pertinent provision of that statute states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

#### B. The Time Line in Petitioner's Case

According to the habeas corpus petition, the date of judgment in petitioner's case was in October 2007. Judgment was affirmed on direct appeal on May 14, 2009. Petitioner did not seek a petition for discretionary review from the Court of Criminal Appeals. Therefore, petitioner's conviction became final thirty days after the issuance of the appellate court opinion, which would have been June 13, 2009. *See* Tex. R. App. P. 68.2(a). June 13, 2009 was a Saturday, pushing back petitioner's deadline to June 15, 2009. *See id.* 4.1(a). The AEDPA statute of limitations began running on that day. *See Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006) (establishing, in cases where the federal habeas corpus petitioner did not seek a petition for discretionary review at the state level, the conviction becomes final for purposes

of 28 U.S.C. § 2244(d)(1)(A) thirty days after the issuance of the state appellate court opinion).

Petitioner allowed 326 days to pass after his conviction became final before filing his state habeas corpus application. While the state application was pending, the federal AEDPA limitations statute was tolled. *See* 28 U.S.C. § 2244(d)(2). According to petitioner's pleadings with this Court, the Texas Court of Criminal Appeals denied Moreno's habeas corpus application on September 15, 2010. At that point, the AEDPA limitations period began again. *See id.* As stated, petitioner had already consumed 326 days of his 365-day AEDPA limitations period. At the time his state habeas corpus application was denied, petitioner had 39 days remaining on the AEDPA time line to file any federal habeas corpus petition. Under that calculation, Moreno's federal habeas corpus petition was due October 24, 2010. *See* 28 U.S.C. § 2244(d)(1)(A). Because October 24, 2010 was a Sunday, a petition filed by October 25, 2010 would have been considered timely filed. *See* Fed. R. Civ. P. 6(a)(1)(C). Petitioner did not, however, file his federal petition by October 25, 2010. Instead, petitioner filed the instant petition on September 14, 2011, almost eleven months after the expiration of the AEDPA time limitations period. Consequently, the instant petition is time barred.

Finally, petitioner has failed to present any explanation as to why he filed his federal petition after the expiration of the AEDPA limitations period. The Court notes there is nothing in petitioner's case indicating equitable tolling is warranted. *See Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Additionally, petitioner has not indicated why any statute other than 28 U.S.C. § 2244(d)(1)(A) is applicable in his case. Under the traditional AEDPA guidelines, established in 28 U.S.C. § 2244(d)(1)(A) and without the allowance of equitable tolling, the instant petition is time barred and should be dismissed as such. *See* 28 U.S.C. § 2244(d)(1)(A).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner AUDEL MORENO be DISMISSED as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of September, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).